IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
CIVIL ACTION

FORT LAUDERDALE DIVISION

**Ucalegon Ltd.**, a Republic of Seychelles International Business Corporation; and

**GBB, Ltd.**, a Marshall Islands Business Corporation; and

**Jennifer Rene**, representing Overseas Corporate Ventures, Ltd., a Seychelles Corporation as Director of Ucalegon Ltd.

    Plaintiffs,

vs.

**Moniker Online Services, LLC**, a Florida limited liability company.

    Defendant.

Civil Case No. _____

# COMPLAINT

COMES NOW, Ucalegon Ltd., GBB Ltd., and Jennifer Rene ("Plaintiffs") by and through their undersigned counsel, and file this Complaint against Moniker Online Services, LLC (hereinafter "Defendant" or "REGISTRAR"), alleging as follows:

1

## PARTIES, JURISDICTION AND VENUE

1.

Ucalegon, Ltd is a Republic of Seychelles International Business Corporation with its registered office situated at 306 Victoria House, Victoria, Mahe, Seychelles.

2.

GBB Ltd. is a Republic of the Marshall Islands Business Corporation with its address at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro MH96960.

3.

Jennifer Rene, represents Overseas Corporate Ventures, Ltd., a Seychelles Corporation as a Director of Ucalegon Ltd.

4.

Defendant is a Florida limited liability company with a principal place of business at 20 S.W. 27th Avenue, Suite 201, Pompano Beach, FL 33069. Defendant may be served through its registered agent, Registered Agent Solutions, Inc, at 155 Office Plaza Dr., Suite A, Tallahassee, FL 32301.

## SUMMARY OF THE CASE

5.

This action concerns rights under an internet domain name registration contract entered into between Plaintiffs and REGISTRAR, the situs of which is in the Southern District of Florida. This is an action under 15 U.S.C. § 1114(2)(D)(v), seeking injunctive and declaratory relief. REGISTRANT has suspended and disabled Plaintiffs domain names. Plaintiffs dispute REGISTRANT's actions and seek to permanently enjoin REGISTRANT from continued suspension and disablement of the domain names and from interfering with its use and disposition of the domain names. Plaintiffs further request this Court declare that Plaintiffs have legitimate interests in and to the rights to use the domain names pursuant to 28 U.S.C. §2201 and §2202.

## **VENUE AND JURISDICTION**

6.

This is an action brought pursuant to 28 U.S.C. §§ 2201 and 2202, in that there is an actual controversy among the parties for which the Plaintiffs seek a declaration of their rights and obligations, without which Plaintiffs will be irreparably harmed. Subject matter jurisdiction is also proper under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1121 and 28 U.S.C. § 1338 (Trademark Disputes), 15 U.S.C. § 1114 (2)(D)(v) (Remedy for UDRP Suspended Domain), 15

3

U.S.C. § 1114 (2)(D)(v)(ii) (Reverse Domain Hijacking & Injunctive Relief), 15 U.S.C. §1125(a) (Trademark Infringement), and 15 U.S.C. §1116 (Injunctive Relief).

7.

This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 by virtue of the diversity of the parties and that the amount in controversy exceeds $75,000.

8.

This Court has personal jurisdiction over Defendant and venue is proper in this Judicial District as Defendant is located, domiciled and doing business in the Southern District of Florida. Venue and jurisdiction are also proper because the property that is the subject of the action, the Domain Names, are located here, and a substantial part of the events and omissions giving rise to Plaintiffs' claim, i.e., Defendant has suspended and disabled the Domain Names, occurred in this District. *See* 28 U.S.C. § 1391(b). In addition, Plaintiffs and REGISTRAR have expressly consented to jurisdiction and venue in this District for actions related to their contractual relationship.

## FACTS COMMON TO ALL COUNTS

The Domains and the Relationship between the Parties.

9.

On or about November 1, 2007, the internet domain name www.gelbesbranchenbuch.com was registered through REGISTRAR pursuant to a Registration Agreement. The domain name was subsequently validly transferred and assigned to Plaintiff Ucalegon and REGISTRAR noted Ucalegon as the new registrant.

10.

On or about November 1, 2007, the internet domain name www.gelbes-branchenbuch.com was registered through REGISTRAR pursuant to a Registration Agreement. The domain name was subsequently validly transferred and assigned to Plaintiff Ucalegon and REGISTRAR noted Ucalegon as the new registrant.

11.

On or about April 19, 2008, the internet domain name www.gelbesbranchenbuch.net was registered through REGISTRAR pursuant to a Registration Agreement. The domain name was subsequently validly transferred and assigned to Plaintiff Ucalegon and REGISTRAR noted Ucalegon as the new registrant.

5

12.

On or about September 17, 2008, the internet domain name www.gelebedrijvengids.net was registered through REGISTRAR pursuant to a Registration Agreement. The domain name was subsequently validly transferred and assigned to Plaintiff Ucalegon and REGISTRAR noted Ucalegon as the new registrant.

13.

On or about December 9, 2008, the internet domain name www.gelbesbranchenbuch.info was registered through REGISTRAR pursuant to a Registration Agreement. The domain name was subsequently validly transferred and assigned to Plaintiff Ucalegon and REGISTRAR noted Ucalegon as the new registrant.

14.

On or about December 9, 2008, the internet domain name www.gelbesbranchenbuch.org was registered through REGISTRAR pursuant to a Registration Agreement. The domain name was subsequently validly transferred and assigned to Plaintiff Ucalegon and REGISTRAR noted Ucalegon as the new registrant.

(hereinafter collectively referred to as the "Domain Names").

15.

GBB is a publishing company that has been licensed and authorized by Ucalegon to make commercial use of the Domain Names.

16.

REGISTRAR subsequently erroneously listed Jennifer Rene as the registrant for the Domain Names and has incorrectly published Rene's identity as the registrant necessitating the naming of Rene as a nominal Plaintiff in this matter. Ucalegon remains the registrant, the proper owner of each of the Domain Names, and the contracting party to the Moniker Registration Agreement.

17.

Each of the Domain Names are governed by the Moniker Registration Agreement, which provides that Plaintiffs agree to be bound by all terms and conditions of the Uniform Domain Name Dispute Resolution Policy which is incorporated into the Agreement by reference. A true and correct copy of the Moniker Registration Agreement is attached as Exhibit A.

18.

The Uniform Domain Name Dispute Resolution Policy provides that

"3.   **Cancellations, Transfers, and Changes.**

We will cancel, transfer or otherwise make changes to domain name registrations under the following circumstances:

…

b. our receipt of an order from a court or arbitral tribunal, in each case of competent jurisdiction, requiring such action; and/or

…

We may also cancel, transfer or otherwise make changes to a domain name registration in accordance with the terms of your Registration Agreement or other legal requirements."

….

7.    **Maintaining the Status Quo.**

We will not cancel, transfer, activate, deactivate, or otherwise change the status of any domain name registration under this Policy except as provided in Paragraph 3 above."

A true and correct copy of the Uniform Domain Name Dispute Resolution Policy is attached as Exhibit B.

**Plaintiffs' Disputes with DeTeMedien**

19.

On June 10, 2010, DeTeMedien Deutsche Telekom GmbH ("DeTeMedien") sued Ucalegon's Director Laura Mouck, incorrectly named as Registrant of the Domain names, before the World Intellectual Property Association seeking a ruling concerning Plaintiffs registration of four of the Domain Names.

20.

A three judge panel convened and the proceedings commenced on July 6, 2010.

21.

On September 5, 2010, the panel terminated the proceedings, taking no action regarding the Domain Names.

22.

On October 18, 2011, DeTeMedien sued Plaintiffs and REGISTRAR in the Local Court for Hamburg, Germany, Docket Number 315 O 522/11 (the "German Litigation").

23.

The crux of the German Litigation is that DeTeMedien asserts that Plaintiffs use of "Gelbes Branchenbuch" in connection with a trade directory and/or directory of addresses on the Internet from the web pages of the domain www.gelbesbranchenbuch.com, www.gelbesbranchenbuch.org; www.gelbesbranchenbuch.net; www.gelbesbranchenbuch.info *within the Federal Republic of Germany* constitute infringement of DeTeMedian's Federal Republic of Germany trademark "Gelbe Seiten".

24.

"Gelbe Branchenbuch" translates to "Yellow Business Directory" in English.

25.

"Gelbe Seiten" translates to "Yellow Pages" in English.

26.

In the German Litigation, DeTeMedien seeks damages as well as an injunction against Plaintiffs from:

> "… using and/or causing to be used in the course of trade *in the Federal Republic of Germany* the designation 'Gelbes Branchenbuch' to mark a trade directory and/or directory of addresses on the Internet and in mailings and/or from advertising and/or causing to be advertised a trade directory and/or a directory of addresses so marked if this is done as appears from the web pages of the domains http://www.gelbesbranchenbuch.com (Fig. 1) and http://gelbesbranchenbuch.com (Fig. 2) …"

…

> "… using and/or causing to be used, advertising and/or causing to be advertised in the course of trade *in the Federal Republic of Germany* the designation 'Gelbes Branchenbuch' to mark a trade directory and/or directory of addresses on the Internet and in mailings if this is done as appears from the web page of the domain http://www.gelbesbranchenbuch.com …"

…

> "… using and/or causing to be used, advertising and/or causing to be advertised in the course of trade *in the Federal Republic of Germany* the designation 'Gelbes Branchenbuch' to mark a trade directory and/or directory of addresses as a component of an Internet domain if this is done as appears from the domains
>
> http://www.gelbesbranchenbuch.com,
>
> http://gelbesbranchenbuch.com,
>
> http://www.gelbesbranchenbuch.org,
>
> http://www.gelbesbranchenbuch.net and

http://www.gelbesbranchenbuch.info."

...

"... using and/or causing to be used, advertising and/or causing to be advertised in the course of trade *in the Federal Republic of Germany* the colour 'Gelb' (yellow) to mark a trade directory and/or directory of addresses if this is done as appears from the web pages of the domain   http://www.gelbesbranchenbuch.com   (Fig.   1)   and http:/gelbesbranchenbuch.com (Fig 2) ...

27.

The German Litigation seeks no relief relating to www.gelebedrijvengids.net or www.gelbes-branchenbuch.com.

28.

The injunction sought in the German Litigation is limited to the Federal Republic of Germany only and does not seek any relief relating to use of the Domains world-wide, much less in other German speaking countries such as Austria and Switzerland. No transfer, suspension, disablement or deletion of the Domains is sought in the German Litigation.

29.

Despite the limited relief sought in the Complaint, REGISTRAR has reacted to the filing of the German Litigation by suspending and disabling the domains, and preventing the transfer of the domains in violation of its own Registration Agreements and Domain Name Dispute Resolution Policy. *See* Exhibit C1-C4, attached hereto, showing the suspension and disabling of the Domain Names.

30.

Plaintiffs reasonably believe their registration and use of the Domain Names are lawful under the Lanham Act. In the absence of a declaration from the Court, Plaintiffs will continue to suffer immediate and irreparable harm because of REGISTRAR's suspension and disabling of the Domain Names.

## COUNT I

### Relief Under The Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1114(2)(D)(v)

31.

Plaintiffs incorporate by reference and re-allege each and every allegation set forth above in paragraphs 1 through 30 as if fully set forth herein.

32.

As a cause of action and ground for relief, Plaintiffs assert their rights pursuant to 15 U.S.C. § 1114 which allows a domain name registrant whose domain name has been suspended, disabled, or transferred under a policy described under clause (2)(D)(ii)(II) of that Act may, upon notice to the mark owner, file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this chapter and to seek injunctive relief, including the reactivation of the domain name.

33.

Plaintiff Ucalegon Ltd. is the domain name registrant.

34.

Plaintiff's domain name has been suspended, disabled, or transferred under a policy implemented by REGISTRAR as described in 15 U.S.C. § 1114(2)(D)(ii)(II).

35.

By service of this Complaint, Plaintiffs have notified the owner of the marks that prompted REGISTRAR to suspend, disable or transfer the Domain Names of this action.

36.

Plaintiffs' registration and use of the Domain Names are not unlawful under the ACPA or the Lanham Act.

37.

Plaintiffs respectfully request the Court grant injunctive relief to the Plaintiffs, including the reactivation of the Domain Names and prohibit REGISTRAR from locking, suspending, disabling, or otherwise changing the status of the Domain Names and prohibit REGISTRAR from otherwise interfering with Plaintiffs' use or disposition of the Domain Names in any way.

## COUNT II

### Declaratory Judgment

38.

Plaintiffs incorporate by reference and re-allege each and every allegation set forth above in paragraphs 1 through 37 as if fully set forth herein.

39.

A justiciable issue exists between the parties as REGISTRANT has suspended and disabled the Domain Names.

40.

Plaintiffs assert that their registration and use of the Domain Names are not unlawful.

41.

A judicial determination regarding Plaintiffs' rights is necessary and appropriate, thus Plaintiffs request this Court to declare that Plaintiffs did not register the domains in bad faith and that Plaintiffs may use the domains without restriction and to require REGISTRAR to cease the suspension of the domains.

## Count III

## Breach of Contract

42.

Plaintiffs incorporate by reference and re-allege each and every allegation set forth above in paragraphs 1 through 41 as if fully set forth herein.

43.

REGISTRAR has breached the Moniker Registration Agreement by its actions in suspending and disabling the Domains in violation of the terms of the Registration Agreement.

44.

Plaintiffs have been damaged by REGISTRAR'S actions.

**WHERFORE**, Plaintiffs demand judgment against Defendant Moniker Online Services, LLC pursuant to Counts I and II of the Complaint as follows:

A. A declaration that Plaintiff Ucalegon's registration of the domain names are lawful;

B. A declaration that Plaintiff Ucalegon's did not register the Domain Names in bad faith and that Plaintiffs' actions do not constitute trademark infringement or dilution under United States Law;

C. A declaration that Plaintiffs may use the Domain Names without restriction;

D.  An injunction under 15 U.S.C. §1116 and 15 U.S.C. 1114(2)(D)(V) requiring Moniker Online Services, LLC to reactivate the Domain Names;

E.  An injunction under 15 U.S.C. §1116 and 15 U.S.C. 1114(2)(D)(V) prohibiting Moniker Online Services, LLC and any affiliated entity from locking, suspending, disabling, or otherwise changing the status of the Domain Names without Plaintiff Ucalegon's permission in the future;

F.  An injunction under 15 U.S.C. §1116 and 15 U.S.C. 1114(2)(D)(V) prohibiting Moniker Online Services, LLC and any affiliated entity from otherwise interfering with Plaintiff Ucalegon's use or disposition of the Domains in any way;

G.  Such other relief as the Court may deem just and proper.

**WHEREFORE**, Plaintiffs respectfully pray and demand the following relief be granted under Count III of the Complaint:

H.  That Defendant be required to pay to Plaintiffs compensatory damages in an amount to be determined at trial for the injuries sustained by Plaintiffs in consequence of the acts here complained of according to such proof as Plaintiffs shall produce at the trial of this action; and

I.   That Plaintiffs have such other and further relief as the court may deem just and proper.

This 30th day of March, 2012.

                                            /s/ Susan Yoffee
                                            Susan Yoffee
                                            FL Bar No. 511919
                                            HAILE SHAW &
                                            PFAFFENBERGER, P.A.
                                            660 U.S. Hwy. One, Third Floor
                                            North Palm Beach, FL  33408
                                            (561) 627-8100  (telephone)
                                            (561) 622-7603  (facsimile)
                                            syoffee@haileshaw.com

                                            *Attorneys for Plaintiffs*